UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAXINE BARNETT,

        Plaintiff,                       CIVIL ACTION NO. 06-14430

       v.                               DISTRICT JUDGE DAVID M. LAWSON

COMMISSIONER OF                MAGISTRATE JUDGE VIRGINIA M. MORGAN
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

     This Social Security case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated herein, the court recommends that the Commissioner's motion be granted and that plaintiff's motion be denied.

**II. Background**

     On April 6, 2004, plaintiff filed an application for Social Security Disability Insurance Benefits due to depression and back problems, with a disability onset date of May 1, 2003. (Tr. 39-41, 44-45) Plaintiff completed high school and two years of college, with a work history including employment as a technical support administrator and as a computer operator. (Tr. 59, 198)

The Social Security Administration (SSA) denied plaintiff's claims on initial review. (Tr. 32-36) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 37-38) The hearing was held on June 2, 2005, before ALJ Jerome Blum. (Tr. 196-219) Plaintiff, represented by counsel, appeared and testified at the hearing. The ALJ also took testimony from a vocational expert (VE).

On January 11, 2006, the ALJ issued a decision denying plaintiff's claim. (Tr. 10-16) The ALJ determined that the medical evidence established that plaintiff has degenerative disc disease in her lumbosacral spine with radiculopathy, and depression, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4" of the Social Security Regulations. (Tr. 15) In addition, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform work-related activities except for work involving lifting over 10 pounds with frequent standing and walking, and that plaintiff's past relevant work as a computer operator did not require performance of work-related activities precluded by her RFC. (Tr. 15) Accordingly, the ALJ found that plaintiff could perform her past relevant work and that she was not "disabled" within the meaning of the Social Security Act. (Tr. 15) Plaintiff was 62 years-old at the time of the ALJ's decision. (Tr. 13)

Following the ALJ's denial of her claim, plaintiff filed a request for review of the decision with the SSA's Appeals Council. (Tr. 8-9) The Appeals Council denied the request on August 17, 2006. (Tr. 4-6) The ALJ's decision thus became the final decision of the Commissioner.

On October 11, 2006, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). As noted above, the parties have filed cross-motions for summary judgment. Plaintiff claims that the ALJ erred in assessing plaintiff's credibility, evaluating the medical records, describing plaintiff's RFC, and finding that plaintiff could do her past relevant work. The Commissioner contends that the disability determination is supported by substantial evidence and should thus be affirmed.

## III. Legal Standards

### A. Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). The claimant bears the burden of proving that she is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate Social Security Disability claims. See 20 C.F.R. § 404.1520. As discussed in Foster, Id. at 354 (citations omitted), this process consists of the following:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment. If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

**B. Standard of Review**

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence is more than a mere scintilla of

evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brainard, 889 F.3d at 681. Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

## IV. Analysis

### A. Treating Physician Opinions

Plaintiff's argues that the ALJ erred in failing to accord controlling weight to the opinions of her treating physicians. Plaintiff thus invokes the "treating physician" rule. The "treating physician" rule provides as follows:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(I) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. § 404.1527(d)(2). As the Sixth Circuit stated in Walters v. Commissioner of Social Sec., 127 F.3d 525, 529-30 (6th Cir. 1997), "[i]n general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." Indeed, 20 C.F.R. § 404.1527(d)(2) provides that a "treating source's" opinion regarding the nature and

severity of a claimant's condition is entitled to controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record.  However, as suggested by the regulation, the ALJ is not bound by a treating physician's opinion if that opinion is not supported by sufficient clinical findings or is inconsistent with other substantial evidence in the record. See also Warner v. Commissioner of Social Sec., 375 F.3d 387, 390 (6th Cir. 2004)("Treating physicians' opinions are only given [controlling or substantial] deference when supported by objective medical evidence").

Plaintiff first argues that the ALJ failed to give the appropriate weight to the opinions of her treating physician, Dr. James Beale, Jr.  In a letter dated October 8, 2004, Dr. Beale wrote that plaintiff is disabled as a result of her accident and that she is restricted from prolonged standing, walking and sitting.  Dr. Beale also wrote that plaintiff is restricted from constant and/or repetitive bending, twisting, stooping, and pushing or carrying more than 5 pounds.  (Tr. 143-144)

To the extent Dr. Beale opines that plaintiff is disabled, the ALJ is free to disregard the letter.  An ALJ is not bound by a treating physician's statement that a claimant is "disabled" or "unable to work."  The regulations specifically provide that such a statement is not a "medical opinion" and is thus not entitled to any special deference.  20 C.F.R. §§ 404.1527(a)(2), 404.1527(e)(1); 416.927(a)(2); 416.1527(e)(1).  The question of whether a claimant is disabled is reserved entirely to the Commissioner. 20 C.F.R. § 404.1527(e)(1); 20 C.F.R.416.927(e)(1).

Regarding Dr. Beale's opinion on plaintiff's specific physical restrictions, the ALJ offered several good reasons for rejecting the letter. First, the ALJ noted that plaintiff's treatment has been conservative and spotty. (Tr. 14) An ALJ considers use of medication and other treatment when evaluating the intensity and persistence of a plaintiff's symptoms, including pain. 20 C.F.R. 404.1529(c)(3)(iv)-(v). Plaintiff's accident occurred in December of 2003. (Tr. 202) Since that time, plaintiff has been on medication and, on April 5, 2004, Dr. Beale referred plaintiff to physical therapy. (Tr. 112) Dr. Beale also recommended epidural steroid shots. (Tr. 114) Plaintiff was to go to physical therapy three times a week for four weeks. (Tr. 112) Plaintiff testified at her hearing that she has been to physical therapy twice. (Tr. 202) Dr. Beale has not referred her for more physical therapy nor has plaintiff had any surgery, even though surgery has been discussed as a potential option. (Tr. 209) In this case, both Dr. Beale and plaintiff were content with a conservative course of treatment involving medication and physical therapy. Plaintiff, moreover, failed to even complete the prescribed physical therapy. Such conservative treatment and plaintiff's failure to complete the prescribed physical therapy suggests that plaintiff's impairments do not rise to the level found by Dr. Beale.

The ALJ also noted that Dr. Beale's opinion is not corroborated by medical evidence. (Tr. 14) As noted above, the treating physician's rule requires that the treating physician's opinion be supported by objective medical evidence and consistent with the record as a whole before it is considered controlling. <u>Warner v. Commissioner of Social Sec.</u>, 375 F.3d 387, 390 (6th Cir. 2004). The MRI and EMG results in the record reveal the existence of plaintiff's impairment, but they do not establish what, if any, restrictions follow from that impairment. (Tr.

117, 118-119) Dr. Dwight Smith, plaintiff's treating physician from October 2002 to January 2004, noted that plaintiff complained of back pain the one time he saw her following her accident, but Dr. Smith did not set any restrictions on plaintiff's activities. (Tr. 91) The Physical Residual Functional Capacity Assessment performed by Dr. William K. Joh does discuss some restrictions on plaintiff's physical activities, but those restrictions differ substantially from Dr. Beale's opinion. Dr. Joh found that plaintiff could occasionally lift 50 pounds, frequently lift 25 pounds, stand for six hours in an eight hour workday, and sit for six hours in an eight hour workday. Dr. Joh also found that plaintiff could occasionally climb, balance, stoop, kneel, crouch or crawl. (Tr. 84-85)

The ALJ further noted that Dr. Beale's letter was "essentially prepared to bolster [plaintiff's] case." (Tr. 14) While it is proper for plaintiff to submit records from her treating physician, the fact that Dr. Beale's primary contribution to the Administrative Record is a detailed letter in support of plaintiff's disability claim, and not records outlining the history of plaintiff's treatment would seem to weigh against Dr. Beale's opinion. The record contains three reports from Dr. Beale, but they are practically illegible. (Tr. 113, 114, 116) To the extent they can be read, none of the records set any restrictions on what plaintiff can do. (Tr. 113, 114, 116) Dr. Beale's opinions regarding plaintiff's limitations, while specific and extensive, are noticeably absent prior to Dr. Beale's letter and are unsupported by plaintiff's actual treatment.

Viewing the record as a whole, substantial evidence exists in support of the ALJ's rejection of Dr. Beale's opinions. Prior to Dr. Beale's letter, neither of the treating physicians ever discussed any restrictions on plaintiff's activities. Dr. Joh, a reviewing physician, did find

that plaintiff's impairments restricted her activities, but those restrictions were not as extensive as alleged by Dr. Beale. Moreover, the actual treatment recommended by Dr. Beale, and sometimes followed by plaintiff, was conservative and seemingly inconsistent with Dr. Beale's letter.

Plaintiff also argues that the ALJ failed to give the appropriate weight to the opinion of Dr. C.V. Ramakrishna, the physician who treated plaintiff for depression. Specifically, plaintiff noted that Dr. Ramakrishna's reports reflect that plaintiff suffers from concentration difficulties and slowed cognition. (Tr. 124, 125, 131, 152)

The ALJ had a substantial basis for not incorporating any mental limitations into plaintiff's RFC. First, it seems clear that Dr. Ramakrishna is not offering an opinion, but merely recording plaintiff's subjective claims regarding her mental condition. Second, Dr. Ramakrishna's records also reflect that plaintiff often has good or improving concentration. (Tr. 129, 131, 137). Overall, Dr. Ramakrishna only noted difficulties in concentration in 4 of his 16 reports, Third, a psychiatric review performed by licensed psychologist Donald Tate, states that plaintiff has no limitations in her ability to maintain concentration, persistence or pace. (Tr. 69-71) Fourth, in her function report, plaintiff indicated that she lives alone, prepares her own meals daily, does household repairs, mows her lawn, does yard work with the help of a gardener, drives herself, shops, and goes to church. (Tr. 51-58) Those significant daily activities belie plaintiff's allegations of concentration difficulties and, combined with the records of Dr. Ramakrishna and Dr. Tate, provide a substantial basis for plaintiff's RFC.

**B. Plaintiff's Credibility**

The ALJ determined that plaintiff's testimony was not credible and not corroborated by the weak medical record. (Tr. 14) An ALJ's findings regarding the credibility of the applicant "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Walters v. Commissioner of Social Sec., 127 F.3d 525, 531 (6th Cir. 1997). However, credibility assessments are not insulated from judicial review. Despite the deference due, such a determination must nevertheless be supported by substantial evidence. Id. With regard to allegations of disabling pain, the regulations provide that a claimant's statements regarding her "pain or other symptoms will not alone establish that [she is] disabled[.]" 20 C.F.R. § 404.1529(a); see also Walters, supra, 127 F.3d at 531. Rather, "there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence...would lead to a conclusion that you are disabled." 20 C.F.R. § 404.1529(a).

In this case, plaintiff testified that she stays home most of the time, feels sedated, and feels like she does not want to do anything. Plaintiff also testified that she feels pain when standing, sitting, or walking, and that the pain is worse when standing or walking. Plaintiff further testified that she has trouble lifting things, has memory problems, and that she cannot sit too long before the pain starts. According to plaintiff, while she leaves the house for AA and NA meetings, she mostly stays at home and watches television. (Tr. 201-206)

Plaintiff's testimony is not corroborated by the medical evidence. As discussed above, while the medical evidence shows the existence of plaintiff's impairment, it does not establish that plaintiff is restricted from any physical activities. In fact, given plaintiff's conservative treatment and the findings of Dr. Joh, the medical evidence actually contradicts plaintiff's complaints and, thus, weakens her credibility.

Plaintiff's record of daily activities also weakens her credibility. In her function report, plaintiff indicated that she lives alone, prepares her own meals daily, does household repairs, mows her lawn, does yard work with the help of a gardener, drives herself, shops, and goes to church. (Tr. 51-58) Plaintiff testified at her hearing that simply walking, standing or sitting caused her pain, and that she mostly stayed at home watching television. Her acknowledged activities, however, contradict those claims.

According great weight and deference to the ALJ's superior position to observe plaintiff's testimony, substantial evidence exists to support the ALJ's credibility determination. Plaintiff's testimony is not corroborated by the medical evidence, nor do her daily activities support her allegations. A plaintiff's statements regarding her pain or other symptoms are insufficient by themselves to establish that the plaintiff is disabled, and in this case that is all that plaintiff offers.

**C. Plaintiff's RFC/Past Relevant Work**

At step four of the five-step used to evaluate DIB claims, the ALJ must determine a claimant's residual functional capacity. 20 C.F.R. § 404.1520(a)(4)(iv); 20 C.F.R. § 404.1545. The term "residual functional capacity" ("RFC")is defined as the most an individual can still do

after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks. 20 C.F.R. § 404.1545, SS-R 96-8p**.** In this case, after the ALJ properly rejected Dr. Beale's opinion because of a lack of supporting evidence and plaintiff's subjective complaints because she was not a credible, a substantial basis existed for the ALJ's determination that plaintiff retained the ability to perform work-related activities except for work involving lifting more than 10 pounds with frequent standing and walking. (Tr. 15)

After determining the plaintiff's residual functional capacity, the ALJ compares it to the requirements of the plaintiff's past relevant work. 20 C.F.R. § 404.1560(a). "Past relevant work" is "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). If the plaintiff can perform her past relevant work, then she is not disabled. Foster v. Halter, 279 F.3d 348, 354 (6th Cir. 2001); 20 C.F.R. § 404.1520(f).

In this case, plaintiff has past relevant work as a computer operator. Plaintiff described the computer operator job as requiring her to print reports. (Tr. 61, 200) The job also required that she use machines, use technical knowledge, write, stand an hour each day, sit five hour each day, handle or grasp big objects an hour a day, and frequently lift less than 10 pounds. The heaviest plaintiff would have to lift would be 10 pounds. (Tr. 61)

Comparing that plaintiff's RFC with the job descriptions provided by plaintiff, and considering the VE's testimony that plaintiff's past work was skilled and sedentary, the ALJ's determination that plaintiff could perform her past relevant work was supported by substantial evidence.

## V. Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion for summary judgment be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                s/Virginia M. Morgan
                Virginia M. Morgan
                United States Magistrate Judge

Dated: May 17, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and/or U. S. Mail on May 17, 2007.

                s/Jane Johnson
                Case Manager to
                Magistrate Judge Virginia M. Morgan