UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAXINE BARNETT,

        Plaintiff,                      Case Number 06-14430
                                                    Honorable David M. Lawson

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE FINDINGS OF THE COMMISSIONER**

The plaintiff filed the present action on October 11, 2006 seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act. The case was referred to United States Magistrate Judge Virginia M. Morgan pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and award her benefits. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Morgan filed a report on May 17, 2007 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the findings of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation, and the defendant filed a response. This matter is now before the Court.

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the defendant's responses thereto, and has made a *de novo* review of the administrative record in light of the parties' submissions.

In her objections, the plaintiff challenges the magistrate judge's conclusion that substantial evidence supported the Administrative Law Judge's (ALJ) determination that the plaintiff was not disabled as a result of her physical and mental impairments for three reasons. First, the plaintiff insists that the magistrate judge incorrectly applied the governing law pertaining to the opinion of treating physicians' opinions; the plaintiff's treater, orthopedic surgeon James Beale, Jr., M.D., authored a letter sating that the plaintiff was disabled, which the ALJ did not accept. Second, the plaintiff argues that the magistrate judge erred in upholding the ALJ's determination that the plaintiff's mental limitations did not contribute to her disability. She claims that the magistrate judge again accorded insufficient deference to the plaintiff's treating psychiatrist, Dr. C.V. Ramakrishna, and conversely relied too heavily on the report of a non-treating psychologist, Dr. Ronald Tate. Third, the plaintiff contends that the magistrate judge failed to address the vocational expert's testimony that an individual with below average concentration would not be able to perform the tasks demanded of the plaintiff in her previous work.

The plaintiff, who is now sixty-four years old, applied for a period of disability and disability insurance benefits on April 6, 2004 when she was sixty years old. She completed high school and, in 2000, two years of college. From 1991 to 2003, she worked as a computer operator and then as a technical support administrator for the Pepsi Bottling Group. When she worked as a computer operator, she mainly sat at a desk but occasionally had to lift boxes of printer paper. Her work as a technical support administrator entailed ordering computers for Pepsi's bottling plants in

-2-

Minnesota and Michigan, tracking the orders, and assisting in the physical maintenance of computers. This required her to lift printers, laptop computers, and desktop computers weighing on average twenty-five to thirty pounds. The heaviest item she ever lifted weighed sixty pounds. She was terminated in May 2003 for poor performance; she was apparently having trouble with her memory, forgetting to communicate important information to her manager.

The plaintiff last worked on May 1, 2003, the date she alleges she became disabled as a result of poor memory, depression, and back problems. Although she claims the disability onset date to be May 1, 2003, it appears that the plaintiff's back problems were precipitated in December 2003, when she was shopping at a market in New York and boxes fell on her, knocking her to the ground. She was diagnosed with a lumbosacral sprain in January 2004 and began treating with Dr. Beale the next month. Imaging studies have confirmed low back pathology, and her treatment from Dr. Beale has been conservative, consisting of medication, physical therapy, and injections. Other doctors have diagnosed depression, a sleep disorder, multinodular goiter, and lumbar degeneration.

The plaintiff's application for disability insurance benefits was denied initially. The plaintiff made a timely request for an administrative hearing. On June 2, 2005, she appeared before ALJ Jerome Blum when she was sixty-one years old. ALJ Blum filed a decision on January 11, 2006 in which he found the plaintiff was not disabled. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since May 1, 2003 (step one); the plaintiff suffered from impairments in the form of depression and degenerative disc disease in her lumbosacral spine with radiculopathy, and although he never made a finding that they were "severe" within the meaning of the Social Security Act (step two), that finding is fairly implied in the record;

none of these impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff retained the residual functional capacity (RFC) to perform her previous work as a computer operator, which did not require lifting over ten pounds or frequent walking or standing (step four). Because the ALJ found that the plaintiff was capable of performing her past work, the ALJ never reached the fifth step of the analysis. The ALJ also found that the plaintiff's testimony was not fully credible and her claim of disability was exaggerated. The ALJ found, therefore, that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on August 17, 2006.

The plaintiff's past work as a computer operator and technical support administrator was sedentary, and in her motion for summary judgment she acknowledges that the restrictions mentioned by Dr. Beale would not prevent her from performing that activity from a purely exertional standpoint. However, the plaintiff contends that Dr. Beale's limitation on prolonged sitting should have been accepted as a controlling opinion from a treating physician. The plaintiff insists that restriction, together with her alleged concentration deficit, renders her disabled. Establishing these twin impairments appears to be the only argument favoring disability that the record would permit, and it presents the plaintiff with insurmountable obstacles.

All parties agree with the magistrate judge that the plaintiff has the burden of proving disability in order to qualify for social security disability benefits, and that "disability" is defined as the "inability to engage in any substantial gainful activity" due to a "physical or mental impairment" that could cause death or might reasonably be expected to last continuously for at least twelve months. *See* 42 U.S.C. § 423(d)(1)(A). The parties also accept the rule that the authority of

this Court to review administrative decisions of the Commissioner is limited to deciding whether the proper legal standards were used and "whether there is substantial evidence in the record to support the findings." *Wright v. Massanari,* 321 F.3d 611, 614 (6th Cir. 2003) (quoting *Duncan v. Sec'y of Health & Human Servs.,* 801 F.2d 847, 851 (6th Cir. 1986)) (internal quotation marks omitted). The plaintiff takes issue with the application of this rule, however, arguing that the magistrate judge and the ALJ culled from the record only that evidence which favored a determination of no disability, violating the familiar instruction that a decision cannot be based on a single piece of evidence in disregard of other pertinent evidence that exists in the record, *see Hephner v. Matthews,* 574 F.2d 359, 362 (6th Cir. 1978), and that "the substantiality of evidence must take into account whatever in the record fairly detracts from its weight," *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal quotation marks omitted). The other pertinent evidence, the plaintiff says, comes from treating physicians, which ought to give it special weight.

The rule promulgated by the Secretary states that: "more weight [will be given] to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(d)(2). The Sixth Circuit has consistently applied this rule. A treating physician's opinion should be given greater weight than those opinions of consultative physicians who are hired for the purpose of litigation and who examine the claimant only once. *See Jones v. Sec.'y of Health & Human Servs.,* 945 F.2d 1365, 1370 n.7 (6th Cir. 1991); *Farris v. Sec'y of Health & Human Servs.,* 773 F.2d 85, 90 (6th Cir. 1985). If a treating physician's opinion is not

contradicted, complete deference must be given to it. *Walker v. Sec'y of Health & Human Servs.,* 980 F.2d 1066, 1070 (6th Cir. 1992); *King v. Heckler,* 742 F.2d 968, 973 (6th Cir. 1984). However, a treating physician's opinion may be rejected if there is good reason to do so. *Hall v. Bowen,* 837 F.2d 272, 276 (6th Cir. 1988). The Sixth Circuit has held that treating physicians' opinions "are only given such deference when supported by objective clinical evidence." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citing *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). Where a treating physician renders an opinion using legal language as opposed to medical terminology, the Court may likewise reject it if it is not supported by clinical evidence in the record. *See Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1234-35 (6th Cir. 1993).

The ALJ gave reasons for rejecting Dr. Beale's conclusion that the plaintiff was "totally and permanently disabled and entitled to social security disability." Tr. at 144. Those reasons are summarized by the magistrate judge in her report. The plaintiff contends that the justification does not stand up to the record, but the Court disagrees. The ALJ seemed to discount Dr. Beale's opinion because it was obviously submitted to support the plaintiff's claim for Social Security disability benefits and his opinion was phrased in legal terms. The latter point is a relevant concern, but the former should not by itself undermine the doctor's statement, particularly since he was responding to an inquiry from the Disability Determination Service. The problem with the opinion, which the plaintiff cannot overcome, is that the finding is out of proportion to the treatment that was rendered. That, plus the contrary opinion of the medical consultant that the plaintiff could perform medium exertional work and sit for six of the eight hours in a work day, fortifies the record to the point that the Court is unable to find that no substantial evidence supports the ALJ's finding with respect to Dr. Beale. Where the Commissioner's decision is supported by substantial evidence, it must be

upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.,* 893 F.2d 106, 108 (6th Cir. 1989). The Court "may not try the case *de novo,* nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

The conclusion is much easier with respect to the plaintiff's alleged mental impairment. The ALJ found that "[d]ebilitating mental problems are not established," Tr. at 14, which is consistent with the conclusions stated by Dr. Ramakrishna. He determined that the plaintiff's global assessment of functioning (GAF) was in the mild to moderate range of mental impairment through mid-2004, which would not render her disabled even in combination with her claimed physical limitation. In his last report on June 2, 2004, Dr. Ramakrishna describes the plaintiff's concentration as "focused," although he says her long-term memory is "somewhat challenged." Tr. at 152. Nonetheless, the totality of Dr. Ramakrishna's records taken with the findings of psychologist Donald Tate provide substantial evidence for the ALJ's conclusion.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 9] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt # 6] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 7] is **GRANTED**.

It is further **ORDERED** that the findings of the Commissioner are **AFFIRMED**.

                                  s/David M. Lawson  
                                  DAVID M. LAWSON  
                                  United States District Judge

Dated: July 29, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 29, 2008.

                        s/Felicia M. Moses  
                        FELICIA M. MOSES